UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BATES, #180982,

        Petitioner,

v.                                       CASE NO. 05-CV-72772-DT
                                        HONORABLE DENISE PAGE HOOD

MILLICENT WARREN,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner Darnell Bates, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for first-degree murder and felony firearm which were imposed following a jury trial in the Wayne County Circuit Court in 1985. Petitioner was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment on those convictions. Petitioner has filed prior habeas petitions in federal court challenging his convictions. For the following reasons, this Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed federal habeas petitions challenging the same convictions at issue in the instant petition, which have been denied. *See Bates v. Withrow*, No. 88-CV-60273 (E.D. Mich. May 31, 1989) (LaPlata, J.), *cert. of prob. cause den.* No. 88-1133 (6th Cir. March 31, 1989); *Bates, et al. v. Toombs, et al.*, No. 90-CV-40256 (E.D. Mich. March 31, 1992) (Newblatt, J.), *aff'd.* No. 92-1487 (6th Cir. Dec. 18, 1992). Petitioner has also previously sought permission from the Sixth Circuit to file a successive habeas petition, but his request was denied. *In re Bates*, No. 97-0162 (6th Cir. Aug. 11, 1997). Petitioner has not yet obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A), but states that he has filed such a request with the Sixth Circuit. The Court finds no reason to hold the present petition in abeyance pending the Sixth Circuit's ruling. Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                                                                /s/ Denise Page Hood  
                                                                                DENISE PAGE HOOD  
                                                                                UNITED STATES DISTRICT JUDGE

DATED: August 23, 2005

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.