UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL BATES, #180982,

        Petitioner,

v.                                        CASE NO. 05-CV-72772-DT
                                        HONORABLE DENISE PAGE HOOD

MILLICENT WARREN,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

       This matter is before the Court because Petitioner has filed a notice of appeal concerning the Court's denial of his motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6) arising from the Court's denial of his habeas petition in 2010. The United States Court of Appeals for the Sixth Circuit determined that this Court properly dismissed his petition and denied a certificate of appealability. *See Bates v. Warren*, No. 10-1586 (6th Cir. 2011). The United States Supreme Court denied certiorari on February 21, 2012. *See Bates v. Warren*, _U.S. _, 132 S. Ct. 1557 (2012). A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

       A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

With *Slack v. McDaniel* in mind, judges within this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); *Carr v. Warren*, 05–CV–73763, 2010 WL 2868421, *2. (E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001)).

Having reviewed the matter, the Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment because he has failed to demonstrate that jurists of reason would find it debatable that the Court abused its discretion in denying his motion for relief from judgment or that jurists of reason would find it debatable that the underlying petition states a valid claim of the denial of a constitutional right.  The Court properly determined that Petitioner's habeas claims arising from the Beasley affidavit were time barred and lacked merit.[1]  Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2012

---

[1] The Court also properly determined that the claims not based on the Beasley affidavit were not authorized for review and were untimely.